IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-73,183-01




EX PARTE MICHAEL DEE HOWARD, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 4321 IN THE 216TH DISTRICT COURT
FROM GILLESPIE COUNTY



           Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault
and sentenced to twenty years’ imprisonment. The Fourth Court of Appeals affirmed his conviction.
Howard v. State, No. 04-05-00388-CR (Tex. App.–San Antonio 2007, pet. ref’d).
            On September 29, 2010, we dismissed this application for non-compliance. Tex. R. App. P. 
73.1. We now withdraw that dismissal on our own motion and remand this application for findings
of fact and conclusions of law. Applicant contends, among other things, that trial counsel rendered
ineffective assistance because they: (1) failed to raise an insanity defense, Tex. Pen. Code § 8.01;
(2) failed to introduce Applicant’s mental health records at trial and to retain or request the
appointment of a mental health expert; (3) failed to object to multiple instances of extraneous
misconduct evidence, Tex. R. Evid. 404(b), and to request limiting and burden of proof instructions;
(4) failed to investigate and interview Michael A. Wallendorf, Michael Colwell, and Rodger Glenn;
(5) elicited extraneous misconduct evidence from the complainant and Applicant’s estranged wife;
and (6) failed to file a business records affidavit. Tex. R. Evid. 902(10). 
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel, David I. Cunningham and Ryan Moe, to respond to Applicant’s ineffective
assistance of counsel claims. The trial court may use any means set out in Tex. Code Crim. Proc.
art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.
            Applicant appears to be represented by counsel. If he is not and the trial court elects to hold
a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. Tex.
Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact and conclusions of law as to whether the
performance of trial counsel was deficient and, if so, whether their deficient performance prejudiced
Applicant. The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant’s claims for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: December 8, 2010
Do not publish